# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8228 | **DATE** | 1/9/2003 |
| **CASE TITLE** | CHILDREN'S MEMORIAL HOSPITAL vs. CORRECTIONAL MEDICAL SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendant's motion for summary judgment [6-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 10 2003 date docketed | 14 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | G.Y. docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 1/9/2003 date mailed notice | |
| CB courtroom deputy's initials | | 03 JAN 10 AM 8:33 FILED-ED 10 | PW mailing deputy initials |
| | | Date/time received in central Clerk's Office | |



| | |
|---|---|
| CHILDREN'S MEMORIAL HOSPITAL, ) | |
| ) | |
| Plaintiff, ) | No. 02 C 8228 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Children's Memorial Hospital ("Children's") filed this action against Correctional Medical Services, Inc. ("CMS") in the Circuit Court of Cook County, Illinois for breach of contract. CMS timely removed the action to this court based on diversity jurisdiction. CMS moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, claiming Children's claim is barred by the statute of limitations.

### BACKGROUND

The following facts are undisputed. CMS manages health care services for prison inmates. On December 20, 1994, CMS entered into a contract with the Illinois Department of Corrections ("IDOC") to provide health care services for inmates at the Sheridan Correctional Center.

During 1996 and 1997, Walter Johnson was an inmate at the Sheridan Correctional Center. Mr. Johnson suffers from cystic fibrosis. Children's treated Mr. Johnson several times in 1996 and 1997. On December 20, 1996, Children's sent CMS a letter regarding reimbursement rates for Mr. Johnson's care. In the letter, Children's states, "[t]hese rates are effective only for the three confinements listed below and are based on timely payment of 15 days from the date the bill is received in your office." Complaint at Ex. B. The three listed confinements are dated August 30 through October 1, 1996, November 3 through November 6, 1996 and November 12 through December 11, 1996.

1

By January 1997, CMS and Children's were involved in a dispute over Mr. Johnson's hospitalization. CMS physicians believed Mr. Johnson could be treated at another hospital. Children's disagreed and declined to transfer him. By letter dated January 31, 1997, CMS informed Children's that it would deny any charges for services rendered to Mr. Johnson after January 31, 1997. On February 21 and May 1, 1997, CMS reconfirmed in writing that it would not pay for charges associated with Mr. Johnson's care after January 31, 1997.

In June 1997, CMS, Children's and IDOC met to discuss Mr. Johnson's case. After the meeting, IDOC medical director Dr. Harry Shuman asked CMS to pay Children's for Mr. Johnson's care through April 19, 1997. On July 23, 1997, CMS paid Children's for charges incurred by Mr. Johnson through April 19, 1997. CMS informed Children's that it would not pay for Mr. Johnson's care thereafter. CMS did not pay Children's for services rendered to Mr. Johnson from April 19 through November 30, 1997. Mr. Johnson assigned Children's his right to medical reimbursement under his "insurance policy, subscription certificate or other health benefit indemnification agreement otherwise payable" to him for services rendered by Children's. Pl. Facts at Ex. E.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Choice of Law

A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Illinois courts apply Illinois statutes of limitations to claims filed in Illinois, even when Illinois choice of law principles dictate the application of another state's law. *Cox v. Kaufman*, 212 Ill.App.3d 1056, 1062, 571 N.E.2d 1011, 1015 (1st Dist. 1991). The parties do not dispute that Illinois statutes of limitations apply to Children's claim.

## III. Statute of Limitations

Under Illinois law, contract actions may be subject to two different statutes of limitations. The limitations period for written contracts or "other evidence of indebtedness in writing" is ten years. 735 ILCS 5/13-206. "[A]ctions on unwritten contracts, expressed or implied ... and all other civil actions not provided for shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205. CMS claims the five year statute of limitations bars Children's claim because the parties did not have a written contract. In response, Children's claims the ten year statute of limitations applies because its December 20, 1996 letter constitutes a written contract or other written evidence of indebtedness. Alternatively, Children's argues it is an assignee of Mr. Johnson's third party beneficiary rights under CMS' written contract with IDOC.

In resolving statute of limitations issues, Illinois courts strictly interpret the meaning of a written contract and other written evidence of indebtedness. *Held v. Held*, 137 F.3d 998, 1001 (7th Cir.1998). "A contract is considered written for purposes of the statute of limitations if all essential terms are reduced to writing and can be ascertained from the instrument itself . . . If parol evidence is necessary to make the contract complete, then the contract must be treated as oral for purposes of the statute of limitations." *Id., citing Toth v. Mansell*, 207 Ill. App. 3d 665, 669, 566 N.E.2d 730, 733 (1st Dist.1990). Similarly, a written document qualifies as "other evidence of indebtedness"

3

under §13-206 only when parol evidence is unnecessary to establish the necessary elements of the agreement. *Id.* Contrary to Children's position, it must resort to parol evidence in order to establish the essential terms of the parties' agreement.

Children's breach of contract claim is based on CMS' failure to pay for Mr. Johnson's hospitalization in 1997. Complaint at ¶ 7. The December 20, 1996 letter relied upon by Children's confirms that the parties agreed upon rates for three specified confinements in 1996. Complaint at Ex. B. The letter does not contain any promise by CMS to pay for Mr. Johnson's health care in 1997. *See Toth*, 207 Ill. App. 3d at 670-71, 566 N.E.2d at 734 (promise to pay is an essential element for document to be considered a written contract for statute of limitations purposes). To establish CMS' promise to pay in 1997, Children's must introduce parol evidence. Indeed, Children's admits as much by arguing that CMS' subsequent reliance on the letter in paying for services rendered from March 12 through April 11, 1997 establishes CMS promised to pay for Mr. Johnson's continued medical care in 1997. Response at 3. As a result, Children's cannot rely on the December 20, 1996 letter to extend the statute of limitations from five to ten years. *See Held*, 137 F.3d at 1001(claim is not based on a written contract "merely because it is indirectly connected with the writing or because the writing may be a link in the chain of evidence establishing liability").

Nor can Children's rely on the written contract between CMS and IDOC. Under Illinois law, "[t]he contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear." *E.B. Harper & Co., Inc. v. Nortek, Inc.*, 104 F.3d 913, 920 n. 4, *citing Barney v. Unity Paving, Inc.*, 266 Ill. App. 3d 13, 19, 639 N.E.2d 592, 596 (1994) "[I]t is not enough that a party receive merely an incidental benefit" of the contract. *Ahern v. Board of Education of the City of Chicago*, 133 F.3d 975, 983 (7th Cir. 1998). The entire purpose of the contract was to benefit Sheridan Correctional Center inmates by providing them with health care services. Def. Facts, Ex. 1 at ¶ 6.3. Mr. Johnson, a Sheridan Correctional Center inmate, was an intended beneficiary of the contract between CMS and IDOC. *See LaGrange Memorial Hospital v. St. Paul Ins. Co.*, 317 Ill. App. 3d 863, 870, 740 N.E.2d 21, 28 (1st Dist. 1999), *citing Altevogt*

4

*v. Brinkoetter*, 85 Ill.2d 44, 55-56, 421 N.E.2d 182, 187 (1981)(contract may include intended third party beneficiaries by class description).

Nevertheless, the assignment from Mr. Johnson to Children's does not transfer his rights under the contract between CMS and IDOC. Assignments are interpreted just as any other contract. *Kaplan v. Shure Brothers, Inc.*, 266 F.3d 598, 604 (7th Cir. 2001). The assignment is specifically limited to Mr. Johnson's entitlement to any medical reimbursement under his "insurance policy, subscription certificate or other health benefit indemnification agreement" payable to him. Pl. Facts at Ex. E. Children's fails to demonstrate that the contract between CMS and IDOC falls within these three limited categories. Indeed, the contract between CMS and IDOC is not an insurance policy, subscription certificate or a health benefit indemnification agreement. Under the CMS and IDOC agreement, CMS was required to provide Mr. Johnson with medical care. CMS was not obligated to indemnify him for unauthorized medical care. Consequently, Children's is not entitled to assert Mr. Johnson's rights under the CMS and IDOC contract.

Finally, Children's argues it has a valid *quantum meruit* claim. However, Children's failed to allege a *quantum meruit* claim in its complaint. Def. Facts at Ex. 1. Indeed, a party cannot recover under *quantum meruit* when a contract governs the relationship between the parties. *Owen Wagener & Co. v. U.S. Bank*, 297 Ill. App. 3d 1045, 1053, 697 N.E.2d 902, 908 (1st Dist. 1998). In its one count complaint, Children's alleges that CMS owes it for services provided to Mr. Johnson "pursuant to the agreement." Def. Facts, Ex. 1 at ¶ 9. Children's own allegations belie any claim that it properly pled a *quantum meruit* claim in its complaint. Accordingly, Children's purported *quantum meruit* claim is not properly before this court. *See, e.g., Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997)(stressing that it "is too late in the day to be adding new claims" in response to a summary judgment motion).

Even if Children's properly pled a *quantum meruit* claim in its complaint, the claim would fail as a matter of law. The parties agree that the five year statute of limitations applies to a *quantum meruit* claim brought in Illinois. *See Burns Philp Food, Inc. v. Cavalea Continental Freight, Inc.*,

135 F.3d 526, (7th Cir. 1998), *citing* 735 ILCS 5/13-205 (quasi-contract claims must be commenced within five years after cause of action accrued). According to Children's, a *quantum meruit* claim would be timely because it did not accrue until Mr. Johnson's discharge on November 30, 1997. However, Children's admits receiving CMS' July 23, 1997 letter stating, "This is the final payment CMS will make to Children's for Mr. Johnson's case." Pl. Response to Def. Facts at ¶ 19. Parties who perform services altruistically or gratuitously with some other end than payment in mind cannot recover under *quantum meruit*. *Midcoast Aviation, Inc. v. General Electric Credit Corp.*, 907 F.2d 732, 740 (7th Cir. 1990). Children's fails to offer any evidence that it expected payment for services provided to Mr. Johnson after CMS' July 23, 1997 letter. Absent an expectation of payment, CMS cannot recover for services provided Mr. Johnson after July 23, 1997. Any services provided before Children's received CMS' July 23, 1997 letter are barred by the five year statute of limitations.

## CONCLUSION

CMS is entitled to judgment as a matter of law on all claims advanced by Children's.

January 9, 2003

ENTER:

Suzanne B. Conlon
United States District Judge

6